IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Andrew Michael Carpenter, | ) | C/A No.: 0:11-cv-01600-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Piedmont Medical Center, | ) | |
| Dr. Christopher Diorio, Dr. Sethi, | ) | |
| Catawba Mental Health, and Medicap | ) | |
| Pharmacy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a United States Magistrate Judge's Report and Recommendation ("R&R"), recommending that the instant case be dismissed for lack of subject matter jurisdiction. Having reviewed the entire record, including Plaintiff's motions, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

### I.    Legal Standards

####    A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261,

1

270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

  B. **Review of *Pro Se* Complaint**

The Magistrate Judge has provided a very thorough description of the standard with which the court reviews a *pro se* complaint. As pointed out by the Magistrate Judge, a federal district court must liberally construe a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**II.** **Procedural and Factual History**

The plaintiff filed this personal injury suit on June 30, 2011 against the named defendants alleging a lack of medical care. At the time that Plaintiff filed the instant case, he was incarcerated; however, the events alleged in the complaint took place prior to his incarceration. According to the complaint, three of the defendants are South Carolina residents, and one is located in North Carolina. In answers to the court's special interrogatories, the plaintiff indicated that he was a resident of Fort Mill, South Carolina,

prior to his incarceration, from January 1, 2006 until August 30, 2009. The events in question took place on, or around, August 11, 2009.

The Magistrate Judge reviewed the plaintiff's complaint and concluded that this action should be summarily dismissed for lack of subject matter jurisdiction. The plaintiff did not file any objections to the R&R—instead, the plaintiff filed a motion to remand the action to state court, or in the alternative, a motion to continue. In his motion, the plaintiff states that he was incarcerated at the time of filing this case and that his access to legal resources was limited. He asks this court to remand or transfer this case to state court, or in the alternative, to grant him a continuance so that he may retain an attorney to file a proper motion to remand or transfer the case. The plaintiff notes that he is unable to refile this case in state court at this time due to the statute of limitations.

### III.  Analysis

Because the plaintiff has not objected to the R&R, it is not necessary that the court give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, a brief description of subject matter jurisdiction will help to explain why this court also must deny the plaintiff's motion to remand, or in the alternative, motion to continue. Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because complete diversity does not exist in this case, this court does not

have subject matter jurisdiction under 28 U.S.C. §1332, nor is there any other basis for federal subject matter jurisdiction. The Magistrate Judge has given a more detailed explanation as to why there is no federal subject matter jurisdiction in this case, and the plaintiff appears to recognize this fact based on the motions he filed in response to the R&R.

Without subject matter jurisdiction, this Court is constrained to dismiss this case. None of the options suggested by the plaintiff are appropriate. The court cannot remand the case because it was not originally filed in state court and then removed to this court. *See* 28 U.S.C. § 1447(c) (describing the process of remand when the court lacks subject matter jurisdiction). Additionally, transfer is not an option—the court has no choice but to dismiss this case. Moreover, the court denies the plaintiff's motion for a continuance, as granting the plaintiff time to obtain an attorney will not save this case from dismissal.

## IV.    Conclusion

The court hereby adopts the Magistrate's Report and Recommendation and dismisses this case. Accordingly, the plaintiff's motion to remand to state court, or in the alternative, to continue are denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 21, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge